FILED
JUL 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rosa L. Proctor )
2635 Otis Street, NE )
Washington, DC 20018 )
(202) 832-6137 ) Case: 1:07-cv-01258
      Plaintiff, ) Assigned To : Kollar-Kotelly, Colleen
) Assign. Date : 7/13/2007
      v. ) Description: Employ. Discrim.
)
) **JURY TRIAL DEMANDED**
Cristian Samper )
Acting Secretary )
Smithsonian Institution )
Washington, DC 20005 )
)
      Defendant. )

JURY ACT[ION]

## COMPLAINT

(Violation of Equal Pay Act, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act)

**COME NOW** the Plaintiff, Rose L. Proctor, and in support of her cause of action allege as follows:

### I.    PARTIES

1. Plaintiff Rosa L. Proctor is an African American female resident of Washington, DC.

2. At all times relevant to this action prior to her retiring, Proctor was a Biological Science Technician, GS-404-8 at the Greenhouse Nursery, Horticulture Services Division, located at 3700 N. Capitol Street, NW Washington DC 20560.

3. Proctor was born in 1941.

4. Defendant Cristian Samper, is the Acting Secretary of the Smithsonian Institution ("the Agency"), which is located in Washington, D.C.

1

5.  Samper is being sued only in her official capacity as the highest official of the agency.

## II.  JURISDICTION AND VENUE

5.  The Court has jurisdiction of this matter pursuant to 42 U.S.C. § 2000 et. seq, 28 U.S.C. 1331, 1343(a), 29 C.F.R. Sec. 1614.101, and 28 U.S.C. 1331, 1343(a).

6.  Venue properly lies in this Court because the controversy involves Defendant's discriminatory and retaliatory treatment of Proctor, with regard to her employment at the Greenhouse Nursery, in the District of Columbia.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  Proctor contacted an EEO Counselor on May 9, 2006.

8.  Proctor filed her formal complaint of discrimination on July 19 2006.

9.  The Smithsonian issued a final agency decision on April 11, 2007.

10. The Certificate of Service certifies that the Final Agency Decision was sent, via certified mail, to Plaintiff on April 12, 2007.

11. The envelope was post marked April 13, 2007 and received by Proctor on April 16, 2007.

12. Proctor is filing suit within 90 days of being informed of the final agency decision.

13. All required administrative remedies have been exhausted.

## IV.  FACTS SUPPORTING PROCTOR'S CLAIMS

14. Proctor, an African American female, born 1941, was employed as a biological science technician (horticulture), GS-0404-08 at the Greenhouse Nursery, Horticulture Service Division, Office of Facilities Engineering and Operations.

2

15. Proctor has been in the position for five years.

16. Proctor has been employed by the Smithsonian Institution for approximately thirty years.

17. Proctor has taken six college level credits in Horticulture, including three courses in floral design. She has also taken other courses in Landscape design and floral design.

18. As a wage grade gardener for approximately six years, Proctor's work included, but was not limited to, floral design, decorating exhibit halls, museum entrances, and information desks. She also grew plants, designed hanging baskets, propagated plants, and prepped and cultured plants for special events and special occasions.

19. As a Biological Science Technician, Proctor's work included, but was not limited to, cultivating orchids in collections, collaborating and monitoring of cultivation throughout collection, repotting, fertilizing, environmental control, pest control, greenhouse infrastructure monitoring, scheduling and progress reports of collection cultures, identification of plant species, collections labeling, and greenhouse maintenance. In addition, she took part in developing policies, plans and procedures, accessioning, de-accessioning, inventory, orchid section budgets, educational and public interaction -- including exhibit planning, interpretation for displays and exhibits, record keeping and documentation-- including inventory management.

20. Proctor meets the qualifications for a promotion to the GS-9 level as Biological Science Technician or for a position within the Horticulture series (GS-0437-09).

## In 2002 Or 2003, White Wage Grade Gardeners Were Converted To The Horticulture Series While Black Wage Grade Gardeners Became Biological Science Technicians

21.     Previously, Proctor was employed as a Wage Grade Gardner. During 2002 or 2003, several Wage Grade Gardeners' positions were converted to Biological Science Technicians GS-404-08, whereas other Wage Grade Gardners were converted to Horticulture series positions (GS-0437-09).

22.     During or soon after this process, several African America gardeners complained about the discriminatory effects of this "conversion."

23.     At the end of the conversion, most wage grade gardener who was white was placed in the horticulture series (GS-0437) and each wage grade gardener who was black became a biological science technician (GS-404).

24.     Horticulture Service Division managers' and/or supervisors' duties include drafting position descriptions, pursuant to Smithsonian Directive 212, Chapter 511.

## Management Responsible For Proctor's Promotion Potential Indicate Racial Bias

25.     Nancy Bechtol is Director of the Office of Facilities Engineering and Operations.

26.     During or soon after the process of converting Wage Grade Gardeners to horticulturists or biological science technicians, Bechtol acknowledged that she grew up with racial prejudice, and was "working on it."

27.   Proctor's immediate supervisor is Jeff Schneider, Chief, Grounds Management Branch. Schneider is a Caucasian, white, male, under 40 years old.

28.   Schneider was a coworker of Proctor's between February 1996 and April 2003.

29.   During or around February 2005, Schneider made comments about not wanting "anything to do with" black women.

Proctor Seeks A Promotion And Is Denied, Despite Her Good Work Performance

30.   During or around December 2005, Schneider informed Proctor that her work performance was very good.

31.   When she pointed out to him that over the prior two years her work duties had steadily increased, he did not disagree with her assertion.

32.   Proctor asked Schneider for his assistance in getting promoted to the next higher grade, but he refused to help.

33.   Schneider informed Proctor a degree or additional credits in Horticulture was required to apply for the Horticulture series.

34.   Schneider does not dispute that Proctor's work activities and work product is consistent with those in the Horticulture series.

35.   Not all employees in the Horticulture series have college credits in Horticulture.

36.   Proctor's second line supervisor is Barbara Faust, Associate Director, Horticulture Services, who is Caucasian, white, female, 51 years old.

37. Dissatisfied with Snyder's unwillingness to help with a promotion, Proctor sought Faust's assistance. She informed her that no promotion potential was available to Proctor because she lacked a college degree. Proctor would have applied for at least one job in the Horticulture series had she not been told this.

38. Faust claims that on at least one occasion, she instructed Proctor that the GS-8 level was the highest grade for the Biological Science Technician position.

39. Proctor is not the only Biological Science Technician who has inquired about promotion to the Horticulture Series or to a GS-9 within the Biological Tech series.

40. Proctor's primary duties are those of a horticulturist, responsible for 2 full Greenhouses, culturing more plants that the individuals in the "Horticulturist" position.

41. Proctor also cares for the orchids.

42. Proctor often was assigned the work of Tom Mirenda and Cheyenne Kim, including cleaning, organizing, and preparing plants for moving.

43. Mirenda is a Museum Specialist and Kim are Horticulturists. Both are GS-9's.

44. Proctor was not the only female employee in the Horticulture Service Division assigned the work of male employees.

<u>Not All Individuals Hired Into The Horticulture Series Had A Degree In Horticulture</u>

45. Between March 2006 and May 2006, several younger Caucasian Horticulturists were hired or promoted, namely, Vicki DeBella, Melanie Pyle, Heath Holmes, Sara Hedean, and Sara Dedakin.

47.   Melanie Pyle, Caucasian, female, 43, was promoted from GS-9 to GS-11 in March 2005. Upon information and belief, Pyle contains no college-level degree, and was promoted from a GS-9 to GS-11 without going through a competitive process.

48.   Heath Holmes, Caucasian male, 33, was promoted in August 2005 from Horticulturist GS-9 to GS-11.

49.   Sara Hedean, Caucasian, female, 36, was hired in April 2006 as a Horticulturist, and assigned to the orchid section, even though she did not apply for a position in the orchid section.

50.   Sarah Dedakain, Caucasian, female 28, was hired April 2006.

51.   Between March 2006 and May 2006, upon information and belief, 14 individuals were hired in the Horticulture Series, at least 13 of whom where white and all of whom were 53 or younger when selected.

52.   On occasion, Faust stated that a 4-year horticulture degree is required to join the Horticulture Series. On other occasions, Faust stated that some college course work is sufficient.

53.   Upon information and belief, the following Horticulturists do not have 4-year degrees: Jeff Schneider, Melanie Pyles, Meredith Hubel, Janet Draper, Michael Riordn, and Steven VanHoven.

54.   Upon information and belief, each of these employees, with the exception of Hubel, are GS-11's.

## Proctor Experiences Additional Discrimination And Complains, And Is Retaliated Against

55. Two male coworkers Tom Mirenda, Musuem Specialist, and Cheyenne Kim, Horticulurist, have very similar jobs to Proctor and do not have Horticulture degrees, yet receive higher pay.

56. Cheyenne Kim, who is Asian, and does not have a degree in Horticulture, was hired as a gardener but changed to a Horticulturist.

57. In May 2006, during a staff meeting, Proctor complained that she was not receiving the same compensation as her white and male coworkers, although she was being assigned some of their work. Faust's response was, "if you are unhappy, you can leave."

58. In May 2006, Schneider increased Proctor's duties, pressuring her to meet tighter deadlines.

59. Several similarly situated white employees were promoted to higher grades, namely Janet Draper, Vicki Dibella, Meredith Hubel, Michael Rioden.

### Proctors Complaint Is Investigated;

### It Is Not The Only Complaint In The Office Of Facilities Engineering And Operations

60. Between August 28, 2006 and January 18, 2007, a formal investigation was conducted concerning the following issues:

   a. Whether Proctor was discriminated against based on race, color, sex, and/or age when on May 5 she was told she could not be promoted to the next higher grade; and

   b. Whether Proctor was discriminated against based on her sex in violation of the Equal Pay Act because she performs the same work as a male coworker but is paid less.

61. Between May 1, 2004 and July 30, 2006, ten formal complaints were filed concerning alleged discrimination at the Office of Facilities Engineering and Operations.

### VI. STATEMENT OF CLAIM

**COUNT ONE:** DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 USC SEC. 2000 ET SEQ.

62. Plaintiff adopts and incorporate by reference paragraphs 1-61 above.

63. Title VII of the Civil Rights Act of 1964, as amended 42 USC Sec. 2000 et seq. prohibits employers, including the federal government, from discrimination based on race in employment.

64. As summarized above, Defendant discriminated against plaintiff by hiring and promoting Caucasian applicants and employees over Plaintiff.

65. As a result of the discrimination imposed, Proctor has suffered considerable injury, both financially and emotionally.

COUNT TWO: DISCRIMINATION BASED ON AGE N VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED, 29 USC 621.

66. Plaintiff adopts and incorporate by reference paragraphs 1-65 above.

67. The Age Discrimination in Employment Act, as amended 29 USC 621 and 29 CFR 164 et seq. prohibits employers, including the federal government, from discrimination against older workers in employment matters.

68. As summarized above, Defendants discriminated against Plaintiff by hiring and promoting younger applicants and employees over Plaintiff.

69. As a result of the discrimination imposed, Proctor has suffered considerable injury, both financially and emotionally.

COUNT THREE: DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 USC SEC. 2000 ET SEQ.

70. Plaintiff adopts and incorporates by reference paragraphs 1-69 above.

71. Title VII prohibits employers, including the federal government, from discrimination in employment matters based on sex.

72. As summarized above, Defendants discriminated against Plaintiff by hiring and promoting male applicants and employees over plaintiff.

73. As a result of the discrimination imposed, Proctor has suffered considerable injury, both financially and emotionally.

**COUNT THREE:** **DISCRIMINATION BASED ON SEX IN VIOLATION OF THE EQUAL PAY ACT OF 1963, AS AMENDED, 29 USC SEC. 206(d)**

74. Plaintiff adopts and incorporate by reference paragraphs 1-73 above.

75. The Equal Pay Act prohibits employers, including the federal government, from paying wages to employees at rates less than those of the opposite sex for equal work.

76. As summarized above, Defendants discriminated against Plaintiff by paying her less than male employees doing the same or similar work.

77. As a result of the discrimination imposed, Proctor has suffered considerable injury, both financially and emotionally.

## REMEDIES

WHEREFORE, the Plaintiffs pray that the Court grant them the following relief:

(a) A declaratory judgment that Defendant conduct violated her rights;

(b) Compensatory damages, the total amount to be determined by the jury;

(c) Backpay

(d) Retroactive Promotion to the next grade level;

(e) Adjustment to Retirement benefits in accordance with adjusted pay grade;

(f) All reasonable attorneys' fees as the prevailing party, and costs;

(g) Such other relief as the Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages raised in this case.

Respectfully submitted,

*Rosa L. Proctor*   2635- Otis Street N.E.
Rosa L. Proctor         Wash, D.C 20018
                        Phone # (202) 832-6137

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Rosa L. Proctor
2635 Otis Street, NE
Washington, DC 20018

11801

## DEFENDANTS

Cristian Samper
Acting Secretary
Smithsonian Institution
Washington, DC 20005

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

(202) 832-6137

Case: 1:07-cv-01258
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/13/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ◉ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC Sec. 2000 et seq.; 29 USC 621; 29 USC SEC. 206(d)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000 plus amount to be determined    Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 13/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.