IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rosa L. Proctor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-01258(CKK) |
| ) | |
| **Cristian Samper, Acting Secretary,** ) | |
| **Smithsonian Institution,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

Defendant Cristian Samper ("Defendant"), in his official capacity as Acting Secretary of the Smithsonian Institution, through undersigned counsel, hereby answers the Complaint filed in the above-styled action.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

Defendant reserves the right to assert affirmatively any additional avoidances or affirmative defenses, including any of those set forth in Federal Rule of Civil Procedure 8(c).

In response to the numbered paragraphs of the Complaint, Defendant responds by admitting, denying or stating the following:

### Parties[1]

1. Defendant admits that Plaintiff is an African American female. Defendant is without knowledge or information sufficient to admit or deny that Plaintiff is a resident of Washington,

---

[1] The headings in this Answer are included solely for ease of reference. Defendant does not respond in this Answer to any allegations contained in the headings that appear in Plaintiff's Complaint. To the extent a response to those allegations is required, Defendant denies them.

D.C., but admits that the caption of the Complaint indicates that Plaintiff does reside in the District of Columbia.

    2. Defendant admits the allegations of this paragraph.

    3. Defendant admits the allegations of this paragraph.

    4. Defendant admits that Cristian Samper is the Acting Secretary of the Smithsonian Institution (the "Smithsonian") and that the Smithsonian has its principal offices in Washington, D.C., but denies that the Smithsonian is an "agency."

    5. Defendant admits the allegations of this paragraph, except states that Defendant Samper is a male and, therefore, is being sued only in <u>his</u> official capacity, and denies that the Smithsonian is an "agency."

    The ensuing paragraphs of the Complaint—until paragraph 47—are incorrectly numbered (paragraph 5 is repeated twice). To avoid confusion, Defendant will use Plaintiff's incorrect numbering.

## Jurisdiction and Venue

    5. This paragraph consists of Plaintiff's characterization of the Court's jurisdiction over this action, to which no response is required. Defendant respectfully refers the Court to the statutes referenced in this paragraph for their actual language and true content.

    6. This paragraph consists of Plaintiff's characterization of venue to which no response is required. Defendant denies the implication that Plaintiff was subjected to discriminatory or retaliatory treatment with respect to her employment.

## Exhaustion of Administrative Remedies

    7. Defendant admits the allegations of this paragraph.

8.  Defendant admits the allegations of this paragraph.

9.  Defendant admits the allegations of this paragraph.

10.  Defendant admits the allegations of this paragraph.

11.  Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

12.  Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

13.  This paragraph contains a legal conclusion to which no response is required.

## Allegations of Fact

14.  Defendant admits the allegations of this paragraph.

15.  Defendant admits that Plaintiff was employed as biological science technician (horticulture) from April 8, 2001 until her voluntary retirement, which became effective June 30, 2007.

16.  Defendant denies that Plaintiff was employed by the Smithsonian continuously for approximately thirty years.  Defendant admits that Plaintiff began working at the Smithsonian in November 1975 as a bindery worker, that her position was abolished in 1993, that she was then hired as a temporary seasonal gardener in April 1994, that her status was changed to permanent full time gardener in June 1997, that her position was converted to biological science technician in April 2001, and that she voluntarily retired in June 2007.

17.  Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph.

18.  Defendant avers that Plaintiff was employed as a temporary seasonal gardener (wage

grade) from April 1994 until June 1997, and that she was employed as a permanent full time gardener (wage grade) from June 1997 until April 2001. Defendant admits the remaining allegations of this paragraph.

19. Defendant admits that the duties of a biological science technician during the time Plaintiff held that position included some of the activities listed in this paragraph, but denies that they included all of the activities listed. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff performed each of the activities listed in this paragraph during the time she was a biological science technician. Defendant avers that a complete list of the duties of a biological science technician is set forth in the position description for biological science technician (horticulture), GS-0404-8.

20. Defendant denies the allegations of this paragraph. Defendant avers that promotion to the GS-9 level is not possible for the biological science technician position; the full performance level for that position is GS-8. Defendant further avers that Plaintiff fails to meet the basic requirements specified in the Office of Personnel Management ("OPM") qualification standards for a position in the horticulture series, GS-0437.

21. Defendant avers that Plaintiff was employed as a gardener (wage grade) and that in April 2001, her position was converted to biological science technician (horticulture), GS-0404-8. Defendant denies that any gardener (wage grade) positions were converted to horticulture series positions in 2001, 2002 or 2003. Defendant denies the remaining allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant admits the allegations of this paragraph.

25. Defendant denies the allegations of this paragraph. Defendant avers that Nancy Bechtol is Director of the Office of Facilities, Management and Reliability ("OFMR"), within the Office of Facilities, Engineering and Operations ("OFEO").

26. Defendant denies the allegations of this paragraph.

27. Defendant admits that Jeff Schneider was Grounds Manager, Supervisory Horticulturist, Horticulture Services Division, that he was Plaintiff's first-line supervisor until April 2006, that he is Caucasian, white and male, and that, at the time the Complaint was filed, he was under 40 years old.

28. Defendant admits the allegations of this paragraph.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant admits that Plaintiff's work duties increased from 2003 to 2005, but avers that the technical difficulty or technical level of her work did not increase. Defendant otherwise denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant admits that Mr. Schneider informed Plaintiff of the OPM qualification standards for a position in the horticulture series.

34. Defendant denies the allegations of this paragraph.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph.

36. Defendant admits that Barbara Faust was Associate Director, Horticultural Services

Division, and Plaintiff's second-line supervisor from January 2005 through the date of Plaintiff's voluntary retirement in June 2007. Defendant further admits that Ms. Faust is Caucasian, white, and over 50 years old.

      37. Defendant admits that Ms. Faust explained to Plaintiff that the highest grade for the biological science technician position, Plaintiff's position, is GS-8, and that to qualify for a position in the horticulture series, Plaintiff would have to meet the relevant OPM qualification standards, which specify the basic requirements of a degree in horticulture or a related discipline of basic plant science, or a combination of course work and experience. Defendant avers that Ms. Faust suggested to Plaintiff that she pursue such a degree or take the appropriate courses and offered to have the Horticultural Services Division pay for the appropriate courses, but Plaintiff did not take advantage of this opportunity. Defendant either denies or states that it is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

      38. Defendant admits the allegations of this paragraph.

      39. Defendant admits the allegations of this paragraph.

      40. Defendant denies the allegations of this paragraph.

      41. Defendant admits that Plaintiff "care[d] for . . . orchids," but otherwise denies the allegations of this paragraph.

      42. Defendant admits that Plaintiff was assigned to work with and assist Tom Mirenda and Cheyenne Kim, and that she assisted in cleaning, organizing and preparing plants for moving. Defendant denies the remaining allegations in this paragraph, including that Plaintiff was assigned Mr. Mirenda's or Mr. Kim's work.

      43. Defendant denies that Tom Mirenda is a horticulturist. Defendant admits that Mr.

Mirenda is a museum specialist, GS-1016-9, and that Cheyenne Kim is a horticulturist, GS-0437-9.

44.  Defendant denies the allegations of this paragraph. Defendant avers that Plaintiff was assigned to work with and assist male employees.

45.  Defendant denies the allegations of this paragraph, except admits that horticulturist Vicki DiBella (Caucasian, female, about 45 years old) was promoted to GS-12 in May 2006; avers that horticulturist Melanie Pyle (Caucasian, female, about 44 years old) was promoted to GS-11 in March 2005; avers that horticulturist Heath Holmes (Caucasian, male, about 34 years old) was promoted to GS-11 in August 2005; admits that Sarah Hedean (Caucasian, female, about 37 years old) was hired as a horticulturist GS-9 in April 2006; and admits that Sara Dedekam (Caucasian, female, about 29 years old) was hired as a horticulturist GS-9 in April 2006. Defendant further avers that all of the individuals identified in this paragraph were promoted within, or hired into, the horticulture series, GS-0437. Defendant further avers that Plaintiff's position was not in this series; her position was in the biological science technician series, GS-0404.

The Complaint does not contain a paragraph 46.

47.  Defendant denies the allegations of this paragraph, except admits that Melanie Pyle is a Caucasian female, is about 44 years old, and was promoted from GS-0437-9 to GS-0437-11 in March 2005. Defendant avers that Ms. Pyle competed for the GS-9/11 (career ladder) position and has college degrees in accounting and finance (BS) and horticulture (AA).

48.  Defendant admits that Heath Holmes (Caucasian, male, about 34 years old) was promoted from horticulturist GS-0437-9 to horticulturist GS-0437-11 in August 2005 when he

-7-

was 32 years old.

49. Defendant admits that Sarah Hedean (Caucasian, female, about 37 years old) was hired as a horticulturist GS-0437-9 in the Grounds Management Operations, HSD, in April 2006, that she was 35 years old at that time, and that she was assigned to the orchid section in the Green House Nursery, HSD. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

50. Defendant admits that Sara Dedekam (Caucasian, female, about 29 years old) was hired as a horticulturist GS-0437-9 in April 2006 and that she was 27 years old at that time.

51. Defendant denies the allegations of this paragraph. Defendant avers that between March 2006 and May 2006, only two individuals were hired in the horticulture series: Sara Dedekam (Caucasian, female, about 29 years old) and Sarah Hedean (Caucasian, female, about 37 years old).

52. Defendant denies the allegations of this paragraph. Defendant avers that Ms. Faust informed Plaintiff and others that the OPM qualification standards for a position in the horticulture series require a degree in horticulture or a related discipline of basic plant science or a combination of course work and experience.

53. Defendant denies the implication of the allegations of this paragraph that a four-year degree is required for a position in the horticulture series. Defendant avers that each of the employees listed in this paragraph has a degree in horticulture or a related discipline of basic plant science or otherwise meets the educational and experience requirements for a position in the horticulture series, GS-0437.

54. Defendant denies the allegations of this paragraph, except admits that Melanie Pyle,

Janet Draper and Michael Riordan are in GS-0437-11 positions and that Meredith Hubel is not in a GS-0437-11 position. Defendant avers that Mr. Schneider is in a GS-0437-13 position, that Ms. Hubel is in a GS-0437-9 position, and that Mr. Van Hoven is no longer employed by the Smithsonian.

55. Defendant denies that Mr. Mirenda, museum specialist, GS-1016-9, and Mr. Kim, horticulturist, GS-0437-9, have "very similar jobs" to Plaintiff. Defendant admits that Messrs. Miranda and Kim do not have degrees in horticulture. Defendant avers that both Mr. Mirenda and Mr. Kim have GS-9 positions and are paid at that level. Defendant further avers that Mr. Mirenda has a college level degree in marine biology, and that his position of museum specialist does not require a degree in horticulture or a related discipline of basic plant science or a combination of related course work and experience.

56. Defendant admits that Mr. Kim is Asian, that he was hired as gardener on August 7, 1985, that he does not have a degree in horticulture and that his gardener position was converted to a horticulture position in 1997. Defendant avers that at the time Mr. Kim's gardener position was converted to a horticulture position, he was, <u>inter alia</u>, widely known and consulted by botanists and professional horticulturists nationwide because of his expertise in the collection, cultivation and propagation of orchids, and his supervisors confirmed that he was working at the level of full professional horticulturists at the Smithsonian and elsewhere.

57. Defendant is without knowledge or information sufficient to admit or deny the allegations of the first sentence of this paragraph. Defendant denies that Ms. Faust made the statement alleged in the second sentence of this paragraph to Plaintiff.

58. Defendant admits that Mr. Schneider assigned Plaintiff more work in May 2006, but

avers that Mr. Schneider did not increase the technical difficulty or technical level of Plaintiff's duties. Defendant further avers that Plaintiff was counseled regarding not meeting her work deadlines.

      59. Defendant denies the allegations of this paragraph, including that Ms. Draper, Ms. DiBella, Ms. Hubel and Mr. Riordan were "similarly situated" to Plaintiff. Defendant avers that Ms. Draper was hired as a horticulturist, GS-0437-9, on 11/10/97, and was promoted to horticulturist, GS-0437-11, on 9/8/02. Defendant avers that Mr. Riordan was hired as a horticulturist, IS-0437-9, on 9/18/95, and was promoted to horticulturist, IS-0437-11, on 9/8/02. Defendant avers that Ms. DiBella was hired as a gardener, WG-5003-8, on 3/22/93, was then promoted to horticulturist, GS-437-9, on 3/16/97, and on 1/10/05, was promoted to supervisory horticulturist, GS-0437-12. Defendant avers that Ms. Hubel was hired as a gardener, WG-5003-6, on 9/19/94, was promoted to horticulturist, GS-0437-7, on 10/25/98, and on 3/11/2001, was promoted to horticulturist, GS-0437-9.

      60. Defendant admits the allegations of this paragraph.

      61. Defendant admits the allegations of this paragraph.

## Count One (Race Discrimination)

      62. Defendant adopts and incorporates by reference as if fully set forth herein its responses to paragraphs 1-61, above.

      63. This paragraph contains a legal conclusion to which no response is required. Defendant respectfully refers the Court to the statute referenced in this paragraph for its actual language and true content.

      64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

## Count Two (Age Discrimination)

66. Defendant adopts and incorporates by reference as if fully set forth herein its responses to paragraphs 1-65, above.

67. This paragraphs contains a legal conclusion to which no response is required. Defendant respectfully refers the Court to the statute referenced in this paragraph for its actual language and true content.

68. Defendant denies the allegations of this paragraph.

69. Defendant denies the allegations of this paragraph.

## Count Three (Sex Discrimination)

70. Defendant adopts and incorporates by reference as if fully set forth herein its responses to paragraphs 1-69, above.

71. This paragraphs contains a legal conclusion to which no response is required. Defendant respectfully refers the Court to the statute referenced in this paragraph for its actual language and true content.

72. Defendant denies the allegations of this paragraph.

73. Defendant denies the allegations of this paragraph.

## Count Four (Equal Pay Act)[2]

74. Defendant adopts and incorporates by reference as if fully set forth herein its responses to paragraphs 1-73, above.

75. This paragraphs contains a legal conclusion to which no response is required.

---

[2] This count was incorrectly designated by Plaintiff as Count Three.

Defendant respectfully refers the Court to the statute referenced in this paragraph for its actual language and true content.

76. Defendant denies the allegations of this paragraph.

77. Defendant denies the allegations of this paragraph.

### Remedies

Defendant is not required to respond to Plaintiff's prayer for relief. However, to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant further avers that 42 U.S.C. § 2000e-5(g)(2)(B) would limit any claim for relief.

### Jury Trial Demand

Defendant denies that Plaintiff is entitled to a jury trial for claims arising under the Age Discrimination in Employment Act or the Equal Pay Act.

**WHEREFORE,** Defendant requests that the Court dismiss the Complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

OF COUNSEL

Christine Nicholson
Associate General Counsel
Smithsonian Institution