UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSA L. PROCTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1258 (CKK) |
| | ) |
| CHRISTIAN SAMPER, Acting Secretary, Smithsonian Institution, | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

This is an employment discrimination lawsuit in which Plaintiff alleges various claims against the Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621 and 29 C.F.R. § 164 et seq., and the Equal Pay Act of 1963, as amended 29 U.S.C. § 206(d), 29 C.F.R. §1614(d). Defendant denies these allegations.

Each party anticipates seeking and/or disclosing personnel, medical, and other records and information that are likely to contain confidential information, including, but no limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Health Insurance Portability and Protection Act. The purposes of the protective order are to allow the parties to discover and disclose such information and documents, to limit their further disclosure, and to allow either party to request CONFIDENTIAL or CONFIDENTIAL MEDICAL treatment of specified documents and information. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that, pursuant to this Protective Order, Defendant is authorized to release information otherwise protected by the Privacy Act without obtaining prior written consent of the individuals to whom such records pertain provided that such information is reasonably

1

related to this litigation. Nothing in this Protective Order is intended to limit or preclude in any way Defendant's right to access and review documents containing Privacy Act information.

IT IS FURTHER ORDERED that the parties hereby stipulate to the entry of a Protective Order as follows:

Whenever counsel for either party believes that formal or informal discovery in this case in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or the Health Insurance Portability and Protection Act or may contain other types of confidential or sensitive information, the following procedures shall be followed:

1. Counsel for the party producing such information shall designate the information as subject to this Order by letter and by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2. The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this Order with the Clerk. Documents and information identified in accordance with paragraph 1 of this Protective Order shall be kept in strict confidence according to the terms of this Order and used exclusively in connection with this litigation.

3. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth therein the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only

the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the public records. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the caption of this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." Nothing in this Protective Order should be taken as limiting the right of any party to offer documents and information covered by this Order into the record of this action in redacted form that deletes individually identifying information and from which the identity or identities of individual persons cannot be determined.

    4.  Access to all records designated "CONFIDENTIAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties (including agency counsel), consultants to the parties, paralegals, interns, and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Defendant's right of access to all records of Plaintiff designated "CONFIDENTIAL MEDICAL" under this Order or to medical records covered by HIPPA that Defendant has subpoenaed (unless the parties have agreed otherwise or the Court entered an order permitting disclosure) shall be limited to counsel for the Defendant (including agency counsel), consultants to the parties, paralegals, interns and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. No officials or employees of Defendant, except for agency counsel and any other person mutually authorized by all counsel, shall have access to Plaintiff's records designated "CONFIDENTIAL MEDICAL," although the Court will upon request reconsider such access for a limited number of agency

officials at a time when Defendant believes such access has become necessary for purposes of considering settlement or otherwise.

5. Except as provided herein, no person having access to records designated as subject to this Order shall reveal to any person not named in paragraph 4 any information contained in such material without further Order of the Court or stipulation of the parties.

6. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, counsel shall so notify opposing counsel in writing.

7. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials, which are subject to this Order, or the contents thereof, into evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

8. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from designating counsel or by an Order of the Court.

9. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protections of this Protective Order. Until any such disagreement is adjudicated, the party in receipt of records designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" shall treat the records and the information contained in the records in accordance with the terms of this Protective Order.

10. Each person to whom records or information designated "CONFIDENTIAL" or "MEDICAL CONFIDENTIAL" under this Protective Order is revealed shall sign and date a copy of this Protective Order affirming that they have read and agree to be bound by the terms of this Protective Order. Counsel of record for each party shall retain those signed copies, which shall not be provided to the adverse party.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| SUNDEEP HORA, D.C. Bar #472944 | JEFFREY A. TAYLOR, D.C. Bar # 498610 |
| Alderman, Devorsetz & Hora PLLC | United States Attorney |
| 1025 Connecticut Avenue, N.W. | |
| Suite 615 | /s/ |
| Washington, D.C. 20005 | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
| Telephone: (202) 969-8220 | Assistant United States Attorney |
| | |
| Counsel for the Plaintiff | /s/ |
| | CHRISTOPHER B. HARWOOD |
| | Assistant United States Attorney |
| Date: March 3, 2008 | Civil Division |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | (202) 307-0372 |
| | |
| | Counsel for the Defendant |
| | |
| | Date: March 3, 2008 |

It is so ORDERED by the Court this 4th day of March, 2008.

_____
United States District Judge